Filed 9/25/23  In re A.N. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B326268 (Super. Ct. No. 21JD-00029-001) (San Luis Obispo County) |
| SAN LUIS OBISPO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v. ANTHONY F. et al., Defendants and Appellants. | |

Ana N. (Mother) and Anthony F. (Father) appeal an order of the juvenile court declaring that their minor child A.N. is adoptable and terminating their parental rights.  (Welf. & Inst.

Code, § 366.26, subd. (c)(1).)[1]  We conclude that failure to make inquiries of extended family members pursuant to the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law was error, and we conditionally reverse for a limited remand.  (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.)

This appeal concerns the single issue of the adequacy of inquiries regarding possible Indian ancestry of a dependent minor child.  The San Luis Obispo County Department of Social Services (DSS) requests that we take judicial notice of, or augment the appellate record with:  1) an ICWA due diligence report dated October 20, 2021, and a juvenile court order dated November 3, 2021, filed in a companion dependency proceeding involving A.N.'s full-blood newborn sibling (*In re A.F.*, case No. 21JD-00115-001); and 2) a newly filed report dated July 18, 2023, in this dependency proceeding regarding additional inquiries of family members involving possible Indian ancestry.  We grant judicial notice of the report and order filed in the companion dependency proceeding and augment the record to include DSS's additional inquiries in this proceeding.  (*In re Allison B.* (2022) 79 Cal.App.5th 214, 219.)

*FACTUAL AND PROCEDURAL HISTORY*

Mother and Father are parents to minor children A.N. and a newborn.  The newborn was removed from the parents' custody and care at birth and is the subject of a later and separate dependency proceeding.

On March 15, 2021, Paso Robles police officers found Mother, Father, and A.N. inside a cluttered vehicle parked at a

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

fast-food restaurant. The officers discovered heroin, fentanyl, hypodermic needles, and methamphetamine paraphernalia containing drug residue inside the vehicle. The parents, who had a history of domestic violence incidents, were arrested for being under the influence of drugs and possession of drugs, among other charges. A laboratory test performed the following day revealed three-year-old A.N. was positive for fentanyl and methamphetamine.

On March 19, 2021, DSS filed a dependency petition and later an amended dependency petition alleging that Mother and Father suffered from substance abuse and had a history of domestic violence. (§ 300, subd. (b)(1).) On March 22, 2021, the juvenile court ordered that A.N. be detained and that Mother and Father be provided with supervised visitation.

On May 12, 2021, the juvenile court held a combined jurisdiction and disposition hearing. The court sustained the allegations of the jurisdiction petition and declared A.N. a dependent of the court. It removed A.N. from her parents' custody and ordered that the parents be provided with family reunification services, including counseling, mental health services, drug and alcohol treatment, parent education, and supervised visitation. The court's written disposition findings state that the DSS social worker questioned the parents and the maternal aunt with whom A.N. was then placed regarding Indian ancestry and that there was no reason to know that A.N. was an Indian child.

On October 20, 2021, the juvenile court held a six-month review hearing. Neither parent appeared at the hearing. The parents also were not participating in drug and alcohol assessment and treatment. On the recommendation of DSS, the

court continued family reunification services and set a 12-month review hearing.

At the time of the 12-month review hearing, Mother and Father had been arrested and were in custody at county jail. DSS filed a 12-month review report stating that Mother and Father had not complied with their reunification services plan and had not visited A.N. DSS recommended that the juvenile court terminate reunification services and set a permanent plan hearing. The court continued the review hearing for two months, however, given Mother's and Father's current jail custody.

On May 9, 2022, the juvenile court held the continued 12-month review hearing. Mother did not appear; Mother's counsel had lost contact with her. Father remained in jail custody but appeared by Zoom video. The court adopted DSS's recommendation and terminated reunification services and set a permanent plan hearing.

On January 11, 2023, the juvenile court held a contested permanent plan hearing and also considered Father's recently filed modification petition. (§ 388.) Mother did not appear at the hearing but was represented by counsel; Father appeared by Zoom video. Father requested the reinstatement of reunification services and testified that he was participating in drug rehabilitation, living in a sober living home, and seeking employment, among other things. Father also described his parental bond with A.N. The court found Father's nascent rehabilitative efforts commendable but decided that he could not make "sufficient progress for reunification in a short time frame." The court then denied Father's modification petition, terminated Mother's and Father's parental rights, and determined adoption as the permanent plan for A.N.

4

*ICWA Inquiries*

At the time of A.N.'s detention, the DSS social worker inquired of Mother concerning the possibility of A.N.'s Indian ancestry. Mother denied knowledge of any Indian ancestry. DSS attached an ICWA-010 form to the dependency petition reflecting this information. At the detention hearing, Mother's counsel informed the juvenile court that "[M]other denies any Indian ancestry. She's not a member or eligible for membership in any federally recognized tribe, nor is her child, nor are her parents, grandparents, or other lineal ancestors. She's not a resident or domiciled on a reservation, nor is her child."

Also at the detention hearing, Father's counsel stated: "In regards to ICWA, I reviewed the ICWA-020 form and all of [Father's] answers to those questions are no." The juvenile court then made a finding that ICWA did not apply absent new information of possible Indian ancestry.

On April 21, 2021, DSS inquired of the maternal aunt in whose care A.N. was placed regarding any Indian ancestry. She denied any knowledge of Indian ancestry and DSS filed an ICWA-010(A) form with the juvenile court. Later, A.N. was placed in the care of a maternal uncle and his wife, who were also caring for the newborn sibling. The maternal uncle and his wife denied any Indian ancestry when questioned in the juvenile court.

The July 18, 2023, ICWA compliance report contained in the augmented appellate record states that DSS has made ICWA inquiries of A.N.'s Mother, maternal grandmother, maternal grandfather, maternal great-grandmother, maternal aunt, and two maternal cousins concerning possible Indian ancestry. DSS also inquired of Father and paternal great-grandmother.

5

Paternal grandmother is deceased and DSS was unable to contact paternal grandfather. The inquiries produced no reasons to believe or know that A.N. is an Indian child. The ICWA compliance report, however, stated that DSS would continue to locate and then question the paternal grandfather and a maternal first cousin. DSS described the paternal grandfather and a maternal first cousin once removed as "persons of interest" that DSS had not yet contacted.

Mother and Father appeal and contend that the juvenile court prejudicially erred by finding that ICWA was not applicable because DSS and the court did not fully comply with their initial duties of inquiry regarding Indian ancestry. (§§ 224.2, subd. (b), 224.)

## DISCUSSION

Mother and Father argue that insufficient evidence supports the juvenile court's ICWA finding because the court and DSS did not question extended family members concerning possible Indian ancestry. They assert that the failure compels reversal of the section 366.26 order to ensure compliance with the initial and continuing inquiry requirements of ICWA and related California law.

We examine the juvenile court's ICWA findings for substantial evidence. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438.) Where the inquiry was deficient, we assess whether the juvenile court would have made the same ICWA finding had the inquiry been adequate.

An "Indian child" is defined as an unmarried individual under 18 years of age who is either 1) a member of a federally recognized Indian tribe, or 2) is eligible for membership in a federally recognized tribe and is the biological child of a member

6

of a federally recognized tribe.  (25 U.S.C. § 1903(4) & (8); § 224.2, subd. (e)(1).)  The juvenile court, the county child welfare department, and the probation department have affirmative and continuing duties to inquire whether a child subject to dependency proceedings is or may be an Indian child.  (§ 224.2, subd. (a); Cal. Rules of Court, rules 5.481(a) & 5.668(c).)  The duties include asking the child, parents, extended family members, and others who have an interest in the child whether the child is or may be an Indian child.  (§ 224.2, subd. (b); *In re E.L.* (2022) 82 Cal.App.5th 597, 607, review granted Nov. 30, 2022, No. S276508.)

Mother and Father object to DSS's request for judicial notice of the DSS report and juvenile court order in the newborn sibling's dependency proceeding and the augmentation of the record here to reflect that DSS filed a post-judgment report with the court identifying the same family members questioned in A.N.'s proceeding.

"When . . . postjudgment evidence is offered to an appellate court in support of a motion to dismiss a juvenile dependency appeal, it is 'routinely consider[ed]' because, if the motion is granted, it will have 'the beneficial consequence' of ' "expedit[ing] the proceedings and promot[ing] the finality of the juvenile court's orders and judgment." ' " (*In re Allison B.*, *supra*, 79 Cal.App.5th 214, 219.)  This supports what we said in *E.L.*, "Remand would unnecessarily delay the likelihood of adoption of the children and would achieve the same result we do here." (*In re E.L.*, *supra*, 82 Cal.App.5th 597, 608.)

Here DSS inquired of Mother and Father as well as seven maternal relatives and one paternal relative.  DSS recognized, however, that there remained two "persons of interest," including

7

the paternal grandfather.  DSS stated that it would continue its efforts to contact these two relatives regarding any Indian ancestry.  The limited remand here allows DSS to accomplish this task and report the result of its inquiries to the juvenile court.  This will have the beneficial consequence of expediting the proceeding and promoting the finality of the court's orders and judgment.  (*In re Allison B.*, *supra*, 79 Cal.App.5th 214, 219.)

### DISPOSITION

The order terminating parental rights is conditionally reversed.  The matter is remanded to the juvenile court with directions to comply with the inquiry provisions of ICWA and sections 224.2 and 224.3.  Following the inquiry, if neither DSS nor the court has reason to believe or to know that the minor child is an Indian child, the order terminating parental rights shall be reinstated.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

8

Gayle L. Peron, Judge

Superior Court County of San Luis Obispo

———————————————

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant Anthony F.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant Ana N.

Rita L. Neal, County Counsel, and Ann Duggan, Deputy County Counsel, for Plaintiff and Respondent.